IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| EDDIE WEBB, | ) Bankruptcy Case No. 08-41537 |
| | ) |
| Debtor. | ) |

## OPINION

This matter having come before the Court on an Amended Motion for Sanctions for Wilful Violation of the Automatic Stay filed by the Debtor, and Response to Amended Motion for Sanctions for Wilful Violation of the Automatic Stay filed by Creditor, Prime Time Rental; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The issue in this matter is governed by 11 U.S.C. § 362(k)(1), which states as follows:

> (k) (1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

A violation is willful when a creditor acts intentionally with knowledge of the automatic stay or, more generally, the bankruptcy filing. In re Betts, 165 B.R. 233 (Bankr. N.D. Ill. 1994); Mercer v. D.E.F., Inc., 48 B.R. 562 (Bankr. D. Minn. 1985). Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the automatic stay. In re Wagner, 74 B.R. 898, at 904 (Bankr. E.D. Pa. 1987). A specific intent to violate the stay is not required; it is sufficient that the creditor knows

of the bankrupcty and engages in conduct that is a violation of the stay.  In re Littke, 105 B.R. 905, at 910 (Bankr. N.D. Ind. 1989).  However, a Court will not impose sanctions under § 362(k) (formerly § 362(h)) when there has been a mere technical violation of the stay or where it can be found that the creditor has acted in good faith.  In re Zunich, 88 B.R. 721 (Bankr. W.D. Pa. 1988).  A willful violation of the stay does not require a specific intent to violate the stay, rather the Bankruptcy Code provides for damages upon a finding that the creditor has notice of the stay and the creditor's actions were intentional in and of themselves.  In re Welch, 296 B.R. 170 (Bankr. C.D. Ill. 2003).

To establish a willful violation of the automatic stay, the Debtor has the burden of proof by a preponderance of evidence to show (1) that a bankruptcy petition was filed by the Debtor; (2) that the Debtor is an individual under the automatic stay provisions; (3) that the Creditor had notice of the petition; (4) that the Creditor's actions were in willful violation of the stay; and (5) that the Debtor is entitled to some form of relief under § 362(k).  In re Galmore, 390 B.R. 901 (Bankr. N.D. Ind. 2008).  In the instant case there are no disputes as to elements one and two, in that it is clear that the Debtor is an individual who filed for relief under Chapter 13 of the Bankruptcy Code on October 7, 2008.  As for the third element, the Creditor, Prime Time Rental, disputes that it received notice of the Debtor's bankruptcy filing due to a change in address.  However, the record is clear that notices mailed to Prime Time Rental, at the address listed on the Debtor's Creditor Mailing Matrix, were not returned when sent by the Debtor's counsel, the Clerk of the Bankruptcy Court, and the Chapter 13 Trustee.  Based upon these instances of mailing, and the fact that

the Creditor received telephonic notice of the bankruptcy filing no later than November 21, 2008, the Court reasserts its ruling made at hearing that Prime Time Rental did have notice of the Debtor's Chapter 13 bankruptcy filing prior to taking the actions which the Debtor now complains of.

The Court finds that the testimony of the Debtor in this matter was credible, and that the Debtor established, by a preponderance of the evidence, that between the date of his bankruptcy filing, on October 7, 2008, and November 21, 2008, Creditor, Prime Time Rental, through various agents, continually contacted the Debtor and was successful in extracting additional payments from the Debtor in the amount of $405, in willful violation of the automatic stay.  The undisputed facts clearly establish that Creditor, Prime Time Rental, knew of the Debtor's bankruptcy petition, and, in spite of that knowledge, acted intentionally to continue to demand post-petition payments from the Debtor. Creditor, Prime Time Rental also willfully violated the automatic stay after receiving the Debtor's Amended Motion for Sanctions for Wilful Violation of the Automatic Stay.

Having received the Debtor's Amended Motion for Sanctions for Wilful Violation of the Automatic Stay, the Creditor, Prime Time Rental, was under an affirmative duty to remedy its violations of the automatic stay by returning the funds collected from the Debtor post-petition.  In re Will, 303 B.R. 357 (Bankr. N.D. Ill. 2003).  See also:  In re Xavier's of Beville, Inc., 172 B.R. 667 (Bankr. M.D. Fla. 1994).  In spite of this affirmative duty, Creditor, Prime Time Rental, failed to return the $405 collected from the Debtor post-petition until hearing on this matter on March 30, 2009.

In considering the request for damages filed by the Debtor, the Court finds that the Debtor has shown that he is entitled to compensatory damages in the amount of $1,000 for his time and frustration in dealing with the continued contact of Creditor, Prime Time Rental, after his filing for relief under Chapter 13. The Court finds that this amount is in addition to the $405 already voluntarily returned to the Debtor at hearing on March 30, 2009. The Court also concludes that the Debtor has established that an award of attorney fees is also appropriate in that no attorney fees would have been necessary but for the continuing violations of the automatic stay by Creditor, Prime Time Rental. The Court has reviewed the affidavit of attorney fees filed by Attorney Darrell Dunham, and finds that that affidavit supports fees claimed in this matter in the amount of $2,673.68.

In addition to the award of compensatory damages in the amount of $1,000 and attorney fees in the amount of $2,673.68, the Court also concludes that punitive damages in the amount of $1,000 are appropriate given the Creditor's egregious behavior, the ability to pay, and the Creditor's clear level of sophistication in collection matters. See: Galmore, supra, at 908.

ENTERED: May 27, 2009

                                        /s/ Gerald Fines
                                      UNITED STATES BANKRUPTCY JUDGE